[No. 2350.]

GEORGE T. BRADLEY v. THE STATE.

OBTSTRUCTING PUBLIC ROAD—CONSTITUTIONAL LAW.—The evidence in this case discloses that the road obstructed by the erection of gates was classified in 1877 as a third class road, and that, in 1883, the commissioners' court changed it to a second class road without notice to, or the consent of, the defendant, and without compensation to him for taking or damaging his uninclosed land over which the said road was established. The gates were erected after the said change. At the time that said change was made there was no statute in force providing for the condemnation of uninclosed lands for road purposes, as Article 4370 of the Revised Statutes embraces only farms, lots or inclosures. Section 17 of Article 1 of the Constitution was then in force, providing that "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person," etc. *Held* that, the evidence showing that the change in the class of the road was made without the consent of the defendant, and without having first compensated him for the damage to and for taking his uninclosed land, it fails to establish an offense against the laws of this State.

APPEAL from the County Court of Navarro. Tried below before Hon. John H. Rice, County Judge.

The opinion sufficiently discloses the case.

*Read, Greer & Greer,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Entertaining the view that we do of this case, we shall discuss and determine but one question presented in the record. It appears from the evidence that the road in question was established and classified in 1877 as a *third* class road. In 1883 it was changed by order of the commissioners' court to a *second* class road. This change was made without notice to the defendant, without his consent and without compensating him for taking or damaging his uninclosed land over which the road was established. He obstructed said road after said change by erecting gates across it. At the time said change was made there was no statute providing for the condemnation of uninclosed land for road purposes. The statute then in force upon that subject embraced only farms, lots or inclosures. (Rev. Stat., Art. 4370, *et seq.*)

But section 17, Article 1, of the Constitution was in force, which provides that "No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation shall be first made," etc. It was a *taking* of defendant's property to change the road from a *third* to a *second* class one, over his land, a second requiring more land than a third class road. (Rev. Stat., Arts. 4363, 4364.) It *damaged* his land, because it deprived him of the privilege of erecting gates across said road, by means of which he could have inclosed his land at less expense. (Rev. Stat., Art. 4389.)

That at the time of changing the road there was no statutory method provided for the condemnation of defendant's land for road purposes, was not the fault of defendant, and affords no reason for depriving him of a constitutional right. Nor is it any answer to his contention to say that he could have *recovered* of the county, in a suit brought for the purpose, whatever damages he may have sustained by reason of said change in said road. The Constitution required that he should first be compensated before the county had any right to take or damage his property. Until this was done, the commissioners' court had no authority

whatever to make said change without his consent, and the evidence shows that he never consented to said change. But it is very questionable whether at that time the commissioners' court could have made said change without defendant's consent, even after tendering him compensation, because the power of eminent domain as to uninclosed lands had not then been delegated to said court. (Cooley on Const. Lim., 657.) However this may be, no compensation was made or tendered, and hence the change in the road ordered by said court, was in violation of defendant's Constitutional rights, and was void. If the road was a duly established road of the third class, it remained so, and defendant did not violate the law by erecting gates across it. (Thompson v. The State, *ante* 328.)

Because the facts show conclusively that the defendant is not guilty of the offense charged against him, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered November 17, 1886.